UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                   :
MEGHAN HULEC,                                      :
                                                   :   CASE NO. 1:14-CV-00492
         Plaintiff-Counterclaim                    :
         Defendant,                                :
                                                   :
vs.                                                :   OPINION & ORDER
                                                   :   [Resolving Doc. 29]
J.H. BENNETT & COMPANY, INC, &                     :
STEVEN SELMANTS,                                   :
                                                   :
         Defendants,                               :
                                                   :
         and                                       :
                                                   :
STEPHEN MUELLAUER,                                 :
                                                   :
         Defendant-Counterclaim                    :
         Plaintiff.                                :
                                                   :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Meghan Hulec sues Defendants Stephen Meullauer, J.H. Bennett & Company, Inc., and Steven Selmants for sexual harassment, a hostile work environment, disability discrimination, national origin discrimination, interference with Family Medical Leave Act rights, retaliatory discharge, post-termination retaliatory conduct, and intentional infliction of emotional distress.[1]

Defendant Muellauer counterclaims against Plaintiff Hulec for telecommunication harassment, menacing by stalking, invasion of privacy, defamation *per se*, tortious interference with business relations, and abuse of process.[2]

Plaintiff Hulec now moves for a more definite statement of the factual allegations Defendant

---

[1] Doc. 1.
[2] Doc. 27.

Case No. 1:14-CV-00492
Gwin, J.

Muellauer says gives rise to the defamation *per se* cause of action.[3] Defendant Muellauer opposes the motion.[4]

For the reasons that follow, the Court **GRANTS** the motion for a more definite statement.

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[5] "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[6]

If a pleading "is so vague and ambiguous that the party cannot reasonably prepare a response," the Court may order a more definite statement of the allegations in the complaint.[7]

Plaintiff Hulec says that the allegations in Defendant Muellauer's defamation *per se* cause of action are vague and ambiguous because the allegations "fail[] to identify whether he is alleging that Hulec made these statements outside of her Complaint, or if his Counterclaim is limited to the statements Hulec has aver[r]ed in her Complaint. Indeed, Muellauer's Counterclaim explicitly fails to identify a single person to whom Hulec is alleged to have made defamatory statements to."[8]

Defendant Muellauer responds that the allegations in his complaint are sufficient to satisfy Rule 8's notice pleading and that discovery will "flesh out whatever concerns or issues counsel has

---

[3] Doc. 29.
[4] Doc. 30.
[5] Fed. R. Civ. P. 8(a)(2).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citations omitted).
[7] Fed. R. Civ. P. 12(e).
[8] Doc. 29 at 3.

Case No. 1:14-CV-00492
Gwin, J.

with not understanding what is meant by defamation *per se* in this context."[9]

In his counterclaim, Muellauer alleges that Hulec falsely told "people" that Muellauer had repeated sexual contacts with Hulec at work and that Muellauer took advantage of Hulec because of his role as a supervisor and her diminished mental capacity.[10]

The Court finds that Defendant Muellauer's allegations are insufficient to satisfy Rule 8's requirement of fair notice. The allegations do not indicate the circumstances under which Plaintiff Hulec allegedly made these false statements, such as to whom Hulec made the statements and who might have heard them.

Because publication is an element of a defamation claim,[11] Plaintiff Hulec is entitled to fair notice of to whom and under what circumstances Defendant Muellauer believes or knows Hulec made the statement. The fact that discovery may provide Hulec and Muellauer with evidence of these allegedly false statements—or the lack thereof—does not mean that Hulec is not entitled to fair notice of the allegations underlying the cause of action, if only to test the allegations by a motion to dismiss for failure to state a claim.

If later discovery produces evidence of additional publication of the allegedly defamatory statements, Defendant can amend Defendant's counterclaim or otherwise use any additional evidence.

Therefore, the Court **GRANTS** Plaintiff's motion for a more definite statement. Defendant Muellauer must provide a more definite statement of the allegations underlying his defamation *per*

---

[9] Doc. 30 at 2.
[10] Doc. 27 at 4 ¶¶ 23-27.
[11] *See Burns v. Rice*, 813 N.E.2d 25, 32 (Ohio Ct. App. 2004) ("In Ohio, defamation is a false statement published by a defendant acting with the required degree of fault that injures a person's reputation, exposes the person to public hatred, contempt, ridicule, shame or disgrace, or adversely affects the person's profession.").

Case No. 1:14-CV-00492
Gwin, J.

*se* cause of action—including the circumstances under which the false statements were allegedly made, to whom Hulec allegedly made the statements, and who heard the allegedly false statements—within 14 days of this order.

    IT IS SO ORDERED.


Dated: May 27, 2014            s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE