UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                                      :
MEGHAN HULEC,                                         :
                                                      :        CASE NO. 1:14-CV-00492
                    Plaintiff-Counterclaim            :
                    Defendant,                        :
                                                      :
vs.                                                   :        OPINION & ORDER
                                                      :        [Resolving Docs. 35, 37, & 41]
J.H. BENNETT & COMPANY, INC, &                        :
STEVEN SELMANTS,                                      :
                                                      :
                    Defendants,                       :
                                                      :
                    and                               :
                                                      :
STEPHEN MUELLAUER,                                    :
                                                      :
                    Defendant-Counterclaim            :
                    Plaintiff.                        :
                                                      :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        In this case concerning alleged discrimination and retaliatory conduct, the parties have filed

a variety of motions with the Court.  First, Plaintiff Hulec moves to dismiss the remaining claims

from Defendant Stephen Muellauer's counterclaim, and Hulec seeks leave to bring a retaliation claim

against Muellauer.[1]

        Second, Defendant Muellauer moves for a default judgment on the remaining claims of his

counterclaim.[2]

        And finally, Defendants J.H. Bennett & Company, Inc., and Steven Selmants move to quash

---

[1] Doc. 35.  Muellauer previously abandoned his defamation claim rather than file a more definite statement of
the claim.  See Doc. 33.

[2] Doc. 37.

Case No. 1:14-CV-00492
Gwin, J.

a subpoena issued to their expert.[3/]

     The Court disposes of these motions one at a time.

## I. Defendants J.H. Bennett & Company and Selmants's Motion to Quash

     Defendants J.H. Bennett & Company and Selmants say that a subpoena issued to their expert, Dr. Swales, should be quashed because Plaintiff Hulec failed to serve a copy of the subpoena on them and because it seeks currently undiscoverable information from Dr. Swales.[4/]

     In response, Plaintiff Hulec notified the Court that Plaintiff would withdraw the subpoena, reissue it in accordance with proper procedures, and seek "any and all documents which are discoverable as a result of Defendants' written identification of information given by Dr. Swales and use of information expressly provided by Dr. Swales during the deposition of Hulec."[5/]

     In light of Plaintiff Hulec's withdrawal of the offending subpoena, this motion is moot. Accordingly, the Court **DENIES** the motion.

## II. Defendant Muellauer's Motion for Default Judgment

     Because Plaintiff Hulec has not filed a reply to Defendant Muellauer's counterclaim, Muellauer moves for default judgment.[6/]  The Court denies this motion.

     "In order to obtain a default judgment under [Civil] Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)."[7/]  The Clerk's Office has not entered default against Plaintiff

---

[3/]Doc. 41.

[4/]*See* Doc. 41-1.

[5/]Doc. 44 at 1.

[6/]*See* Doc. 37 at 3.

[7/]*Brantley v. Runyon*, No. 1-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997).

Case No. 1:14-CV-00492
Gwin, J.

Hulec on the counterclaim, nor has Muellauer even applied for default.[8/]

Because there is no entry of default, the motion for default judgment is premature and must be denied.

Even if the Court construes the motion for default judgment as an application for the entry of default, it will be denied.

Although the Court allowed Plaintiff Hulec until June 6, 2014, to respond to the counterclaim, the Court subsequently ordered Muellauer to file a more definite statement of his defamation claim on June 6.[9/]

Hulec could reasonably believe that the Court's order directing Muellauer to file a more definite statement extended her time to file an answer.

And Hulec has displayed an intent to defend against the counterclaims by filing a motion to dismiss the counterclaim.[10/]

For these reasons, the Court **DENIES** Defendant Muellauer's motion for a default judgment on the counterclaim.  Plaintiff Hulec must file a reply to the counterclaim within three days of this order.

### III. Plaintiff Hulec's Motion to Dismiss Defendant Muellauer's Counterclaim

Plaintiff Hulec moves to dismiss the five remaining claims on Defendant Muellauer's counterclaim because she says they fail to state a claim upon which relief can be granted.[11/]

---

[8/] Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plea or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[9/] *See* Non-Document Entry dated May 19, 2014; Doc. 31 at 3-4.

[10/] *See* Fed. R. Civ. P. 55 advisory committee's note (2007) ("Acts that show an intent to defend have frequently prevented a default . . . .").

[11/] *See* Doc. 35 at 4-9.

Case No. 1:14-CV-00492
Gwin, J.

Muellauer opposes this motion purely on procedural grounds; he says that Hulec has waived the opportunity to challenge the counterclaim by failing to file an answer.[12]

The Court rejects Muellauer's argument for the reasons noted above but nonetheless considers Hulec's arguments under the appropriate legal standard.

Considering Muellauer's allegations, the Court grants in part and denies in part Hulec's motion to dismiss.

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[13]  The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[14]

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief."[15]  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."[16]  In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true.[17]

---

[12]/ *See* Doc. 40.
[13]/ *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[14]/ *Id.*
[15]/ Fed. R. Civ. P. 8(a)(2).
[16]/ *Iqbal*, 556 U.S. at 678–79 (citations omitted).
[17]/ *Id.*

Case No. 1:14-CV-00492
Gwin, J.

**A.     Claims for Telecommunications Harassment and Menacing by Stalking**

Defendant Muellauer alleges that Plaintiff Hulec has committed telephonic harassment in

violation of Ohio Revised Code § 2917.21 and menacing by stalking in violation of § 2903.211.[18]

Hulec says that these allegations fail to state a claim upon which relief can be granted

because Ohio does not recognize a civil cause of action for violations of these criminal statutes.[19]

Hulec is correct.  "[A] separate civil cause of action must be available to bring a civil claim

based upon a criminal act.  This court is unaware of a civil cause of action of 'menacing by stalking'

or 'telephone harassment.'   Since no cause of action exists, there can be no recovery for

[Muellauer]."[20]

Therefore, the Court dismisses these claims with prejudice.

**B.     Invasion of Privacy**

Muellauer says that Hulec invaded his privacy by following his family, driving by their home,

making phone calls, sending text messages, being on their property, threatening them, and giving

Christmas gifts to his son two years in a row.[21]

Hulec says that these allegations fail to state a claim upon which relief can be granted

because she did not intrude into affairs that were private and not in public view.[22]

The Court disagrees.   A claim of intrusion into seclusion[23] requires a showing of an

---

[18]/Doc. 27 at 1-3 ¶¶ 1-14

[19]/See Doc. 35 at 4.

[20]/McNichols v. Rennicker, No. 2002 AP 04 0026, 2002 WL 31883700, at *3 (Ohio Ct. App. Dec. 18, 2002) (citation omitted).

[21]/Doc. 27 at 2 ¶ 12, 4 ¶ 20.

[22]/Doc. 35 at 5-7.

[23]/The Court agrees with Hulec that the other forms of invasion of privacy—public disclosure of private facts, false light, and appropriation of likeness, see Welling v. Weinfeld, 866 N.E.2d 1051, 1054 (Ohio 2007)—are not
(continued...)

-5-

Case No. 1:14-CV-00492
Gwin, J.

intentional intrusion upon the solitude or seclusion of another or his private affairs if the intrusion would be highly offensive to a reasonable person.[24/]

The tort is "akin to trespass in that it involves intrusion or prying into the plaintiff's private affairs."[25/] Ohio courts have said that "[e]xamples would be wiretapping, watching or photographing a person through windows of his residence, and the kind of harassing collection practices involved in *Housh v. Peth*[26/]."[27/]

In *Housh*, the defendant debt collector "deliberately initiated a systematic campaign of harassment of the plaintiff . . . in numerous telephone calls to the plaintiff herself every day for a period of three weeks."[28/] The Supreme Court of Ohio held that this conduct was "actionable as an invasion of plaintiff's right of privacy" because it "falls outside the bounds of reasonable methods which may be pursued in an effort to collect a debt."[29/]

Here, Muellauer has alleged that Hulec repeatedly called and texted him. These allegations seem akin to the conduct that the Ohio Supreme Court found constituted invasion of privacy in *Housh* because Hulec allegedly knew that Muellauer did not want her to contact him.

Accordingly, the Court finds that Muellauer's invasion of privacy cause of action states a claim upon which relief can be granted.

---

[23/](...continued)
applicable in light of the facts alleged, namely alleged harassment and gift-giving.
[24/]*Sustin v. Fee*, 431 N.E.2d 992, 993-94 (Ohio 1982) (quoting Restatement (Second) of Torts § 652B (1977)).
[25/]*Killilea v. Sears, Roebuck & Co.*, 499 N.E.2d 1291, 1294 (Ohio Ct. App. 1985).
[26/]133 N.E.2d 340 (Ohio 1956).
[27/]*Killilea*, 499 N.E.2d at 1294.
[28/]133 N.E.2d at 344.
[29/]*Id.*

Case No. 1:14-CV-00492
Gwin, J.

**C.      Tortious Interference with Business Relations**

Muellauer says that Hulec tortiously interfered with his business relations when she "complained falsely against him to instigate an investigation and to cause his suspension then termination" from Defendant J.H. Bennett & Company and that "Hulec's lies, falsehood, innuendo and defamatory misconduct caused him to lose his employment."[30]

Plaintiff says that she was entirely justified in reporting Muellauer's conduct to J.H. Bennett & Company, and therefore Muellauer cannot bring a tortious interference claim.[31]

Plaintiff's argument loses.  A claim for tortious interference with a business relationship requires that the defendant know of the business relationship and intentionally interfere causing a breach or termination of the relationship without justification or privilege and causing damages.[32]

Here, Hulec says she was privileged to report "unlawful discrimination and harassment."[33] However, Hulec assumes that her allegations are true, not Muellauer's.  Taking Muellauer's allegations as true, as the Court must, Hulec knowingly reported untrue conduct.  "Fraudulent misrepresentations are . . . ordinarily a wrongful means of interference and make interference improper."[34]

Hulec also says that Muellauer cannot argue "he had the right to engage in sexual relations with [Hulec] at work and to not be subjected to potential termination as a result of such conduct."[35] It may be true that J.H. Bennett & Company would have terminated Muellauer even if she only

---

[30]Doc. 27 at 5 ¶ 25, 6 ¶ 37.

[31]Doc. 35 at 8.

[32]See *Wagner-Smith Co. v. Ruscilli Constr. Co.*, 861 N.E.2d 612, 617 (Ohio Ct. Com. Pl. 2006).

[33]Doc. 35 at 8.

[34]Restatement (Second) of Torts § 767 cmt. c (1979).

[35]Doc. 35 at 8.

Case No. 1:14-CV-00492
Gwin, J.

informed the company of the sexual incident Muellauer admits to.  However, that is a question for

summary judgment, not a motion to dismiss.

The Court finds that Muellauer's tortious interference cause of action sufficiently states a

claim.

**E.     Abuse of Process**

Finally, Muellauer says that Hulec has brought this lawsuit "for ulterior purposes and motives

and not for any actual facts supporting the claims against him."[36/]  In particular, he says that Hulec

knew the allegations in her complaint were false but maliciously secured counsel to file the suit

anyway.[37/]

Hulec says that Muellauer "has not alleged any facts whatsoever to support" his allegation

that Hulec has ulterior purposes and motives and, therefore, the claim must be dismissed.[38/]

The Court agrees with Hulec.  To bring an abuse of process claim, a plaintiff must allege "(1)

that a legal proceeding has been set in motion and with probable cause; (2) that the proceeding has

been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3)

that direct damage has resulted from the wrongful use of process."[39/]

The improper purpose "usually takes the form of coercion to obtain a collateral advantage,

not properly involved in the proceeding itself, such as the surrender of property or the payment of

money, by the use of the process as a threat or a club."[40/]  "Simply, abuse of process occurs where

---

[36/]Doc. 27 at 6 ¶ 39.

[37/]*Id.* at 6 ¶¶ 40-41.

[38/]Doc. 35 at 9.

[39/]*Yaklevich v. Kemp, Schaeffer & Rowe Co.*, 626 N.E.2d 115, 118 (Ohio 1994).

[40/]*Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 14 (Ohio 1996) (citation omitted).

-8-

Case No. 1:14-CV-00492
Gwin, J.

someone attempts to achieve through use of the court that which the court is itself powerless to order."[41]

Muellauer has not alleged any collateral advantage that he believes Hulec is seeking to secure now that she has brought this lawsuit.  Accordingly, the abuse of process cause of action fails, and the Court dismisses it without prejudice.

**F.     Federal Subject Matter Jurisdiction**

Federal courts must always assure themselves of subject matter jurisdiction.[42]

Here, none of Muellauer's counterclaims are premised on federal law, Muellauer and Hulec are both citizens of Ohio.  Accordingly, the Court would need to rely on supplemental jurisdiction to adjudicate Muellauer's counterclaims.

Under 28 U.S.C. § 1367, where a district court has federal question jurisdiction over the underlying case—as here, over Hulec's FMLA claim[43]—the court may exercise jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[44]

The Court finds that standard met here.  Muellauer's tortious interference claim is directly related to Hulec's allegations that she told J.H. Bennett & Company of Muellauer's alleged harassment and that Defendants retaliated against her for it.[45]

And Muellauer's invasion of privacy claim is related to his and Hulec's overall interactions,

---

[41]/*Id.*

[42]/*CMS N. Am., Inc. v. De Lorenzo Marble & Tile, Inc.*, 521 F. Supp. 2d 619, 632 (W. D. Mich. 2007).

[43]/*See* Doc. 1-3 at 10-11 ¶¶ 121-29.

[44]/28 U.S.C. § 1367(a).

[45]/*See* Doc. 1-3 at 12 ¶¶ 129 & 131.

Case No. 1:14-CV-00492
Gwin, J.

which are a large part of the underlying lawsuit.

Accordingly, the Court is satisfied that it has jurisdiction over the remaining two counterclaims.

### IV. Plaintiff's Motion for Leave to Amend

Plaintiff Hulec also seeks leave to bring a retaliation claim against Muellauer in light of the counterclaims.[46/]  Muellauer opposes.[47/]

The Court grants Hulec leave to amend the complaint to add a retaliation counterclaim against Muellauer.  After the close of the pleadings, although the Court must give leave before an amendment can be made, the Court should give leave freely.[48/]

The Court finds that no prejudice will result from the addition of this claim now.  Discovery is ongoing, and little additional discovery should be needed to address this new claim.

Accordingly, Plaintiff should file the amended complaint containing this approved addition five business days of this order.

### V. Conclusion

The Court **DENIES** Defendants J.H. Bennett & Company and Selmants's motion to quash as moot.

The Court **DENIES** Defendant Muellauer's motion for default judgment.

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff Hulec's motion to dismiss Muellauer's counterclaims. The Court **DISMISSES** Counts I and II **WITH PREJUDICE** and

---

[46/]*See* Doc. 35 at 9-10.

[47/]*See* Doc. 39.

[48/]Fed. R. Civ. P. 15(a)(2).

-10-

Case No. 1:14-CV-00492
Gwin, J.

**DISMISSES** Count VI **WITHOUT PREJUDICE**.

The Court also **GRANTS** Plaintiff's motion for leave to amend.  Plaintiff may amend the

complaint to include the retaliation claim against Muellauer within five business days of this order.

IT IS SO ORDERED.


Dated: June 25, 2014                              s/        *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE