UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                           :
MEGHAN HULEC,                              :
                                           :   CASE NO. 1:14-CV-00492
          Plaintiff-Counterclaim           :
          Defendant,                       :
                                           :
vs.                                        :   OPINION & ORDER
                                           :   [Resolving Docs. 45 & 48]
J.H. BENNETT & COMPANY, INC.,              :
                                           :
          Defendants,                      :
                                           :
          and                              :
                                           :
STEPHEN MUELLAUER,                         :
                                           :
          Defendant-Counterclaim           :
          Plaintiff.                       :
                                           :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case concerning alleged discrimination, sexual harassment, and retaliatory conduct, Defendants J.H. Bennett & Company and Stephen Muellauer separately move the Court to "compel[] Plaintiff[ Hulec]'s full and complete deposition testimony" concerning "the nature and extent of Plaintiff's apparent and presently ongoing activity as a prostitute/escort."[1]

Plaintiff Hulec opposes the motions on the grounds that the questions are harassing, that the testimony is irrelevant, that the testimony is barred by Evidence Rule 412, and that she claims the right not to be compelled to incriminate herself.[2]

For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** the motions.

---

[1] Doc. 45 (J.H. Bennett & Co.) at 1; *see also* Doc. 48 (Muellauer).
[2] Doc. 54.

Case No. 1:14-CV-00492
Gwin, J.

Whether evidence will be admissible is a separate issue from whether discovery will be allowed on that issue.

Any evidence concerning an alleged victim's sexual history in a civil case must satisfy the requirements of Federal Rule of Evidence 412. Rule 412 prohibits the use of evidence "offered to prove that a victim engaged in other sexual behavior" or "offered to prove a victim's sexual predisposition" unless "its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party."[3]

Ordinarily, Civil Rule 26 permits parties to conduct discovery into any nonprivileged matter reasonably calculated to lead to the discovery of admissible evidence; so a party normally may seek discovery of evidence that is inadmissible if it may lead to admissible evidence.[4]

But Evidence Rule 412 also limits the scope of discovery where the evidence sought deals with an alleged victim's past sexual conduct.[5] Therefore, courts should not allow discovery "unless the party seeking discovery makes a showing that the evidence sought to be discovered would be relevant under the facts and theories of the particular case, and cannot be obtained except through discovery."[6]

So although Evidence Rule 412 partially limits the broad scope of discovery of Civil Rule 26, evidence that falls within Evidence Rule 412's ambit does not need to be definitively admissible to be discoverable.

---

[3] Fed. R. Evid. 412(a) & (b).
[4] *See* Fed. R. Civ. P. 26(b)(1).
[5] Fed. R. Evid. 412 advisory committee's note (c) (1994) ("In order not to undermine the rationale of Rule 412, however, courts should enter appropriate orders pursuant to Fed. R. Civ. P. 26(c) to protect the victim against unwarranted inquiries and to ensure confidentiality.").
[6] *Id.*

Case No. 1:14-CV-00492
Gwin, J.

Here, Plaintiff Hulec requests lost wages and damages for emotional distress.[7] Evidence about the wages Plaintiff may have earned as an escort would be relevant to calculate the damages Plaintiff is entitled to should she win this case.

And although Plaintiff has indicated a willingness to give testimony about the sexual assault she experienced, other sexual encounters may also bear on the cause and extent of Plaintiff's emotional injuries.[8]

The Court also finds that Plaintiff has waived her Fifth Amendment claim in this matter. Plaintiff Hulec has placed her damages and emotional distress at issue in this case by seeking those damages.[9] Additionally, the fact that Plaintiff Hulec has worked as an escort appears to be known to police and authorities already without any threat of prosecution due to Plaintiff's victim impact statement in the sexual assault prosecution.[10]

The Court allows *limited* discovery, through a reopened deposition or interrogatories, into these matters: (1) the general nature of the escort services Plaintiff has offered or performed in the past five years; (2) the frequency with which she has performed those services; (3) her income from those services; and (4) any medical or psychological treatment she received related either to her sexual assault or to other sexual encounters.

Defendants should not take this order as open invitation to ask any questions they can think

---

[7] *See* Doc. 51 at 16.

[8] *See* Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620 (D. Kan. 1999) (permitting discovery into private sexual activities in sexual harassment case because such inquiries were relevant to cause and extent of psychological injuries).

[9] *Cf. Maday v. Public Libraries of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007) ("[W]hen Maday put her emotional state at issue in the case, she waived any [attorney-client and social-worker-client] privilege . . .").

[10] *See* Doc. 45-5 ("I know because of my escorting that I am not viewed favorably by society but no one should be treated like an animal to be beaten and violated emotionally an [sic] physically. You should know that I have a regular job, family, and friends like everyone else. Yes I have made mistakes but I was caring and loving person.").

Case No. 1:14-CV-00492
Gwin, J.

of or as an indication that the Court will admit evidence on this topic under the theories mentioned in this order or any other theory.[11]

Additionally, Plaintiff Hulec's responses shall not be used for any purpose other than this litigation. None of her responses shall be communicated to any person, including Defendants, other than counsel of record for the parties, their staff, and necessary litigation services providers, who will also be bound by this confidentiality. All counsel must maintain the information securely and appropriately. And any litigation material that references her responses shall be filed under seal with a corresponding, redacted public copy.

IT IS SO ORDERED.

Dated: July 11, 2014                    s/         *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[11]*See* Gowens v. Tidwell, No. 10-10518, 2013 WL 2285446, at *3 (E.D. Mich. May 23, 2013) ("Gowens' *voluntary* decisions to participate in temporary Muslim marriages, consensual acts of cunnilingus, and to join an online dating community have absolutely no bearing on whether a *nonconsensual* act of sexual assault caused mental distress. In addition, the evidence would be extremely prejudicial, painting Gowens as a promiscuous woman who engaged in sex for cash." (emphasis in original)); Evans v. Bd. of Educ. Sw. City School Dist., No. 2:08-CV-794, 2012 WL 4481421, at *2 (S.D. Ohio Sept. 27, 2012) ("Whether victims had engaged in other sexual behavior with other partners simply has no relevance to whether they consented to or welcomed the advances in the particular instances at issue in this case. The evidence of relationships or sexual behavior with others entirely lacks probative value if presented for any purpose in the instant case.").