UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

```
MEGHAN HULEC,                              :
                                           :    CASE NO. 1:14-CV-00492
         Plaintiff-Counterclaim            :
         Defendant,                        :
                                           :
vs.                                        :    OPINION & ORDER
                                           :    [Resolving Docs. 73, 79]
J.H. BENNETT & COMPANY, INC.,              :
                                           :
         Defendant,                        :
                                           :
         and                               :
                                           :
STEPHEN MUELLAUER,                         :
                                           :
         Defendant-Counterclaim            :
         Plaintiff.                        :
                                           :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant J.H. Bennett & Company, Inc. (Bennett) files a motion to "Exclude Any Expert Report and Testimony of Untimely Identified Plaintiff's Expert Dr. J. Joseph Konieczny."[1] Plaintiff Meghan Hulec opposes the motion. Among other arguments, Plaintiff Hulec argues that admission of the expert testimony would not unfairly prejudice Bennett.[2] Defendant Bennett has filed a reply,[3] and Hulec has filed a motion to strike the reply or in the alternative for leave to file a sur-reply.[4]

For the reasons stated below, the Court **DENIES** the motion to exclude the report and testimony and **DENIES** as moot Hulec's motion to strike the reply or for leave to file a sur-reply.

---

[1] Doc. 73.
[2] Doc. 76.
[3] Doc. 78.
[4] Doc. 79.

Case No. 1:14-CV-00492
Gwin, J.

I

In a previous order, the Court required Plaintiff to identify her expert or experts by May 19, 2014.[5] That order specified that "'[i]dentify' means to provide the expert's name and *curriculum vitae*." The order separately required the parties to exchange expert reports at least 90 days before the trial date.[6] Because trial is set for November 17, 2014, expert reports must be exchanged by August 19, 2014.

On May 16, 2014, Plaintiff Hulec notified Defendants of her intent to use Dr. Randall S. Baenen as an expert and stated that Dr. Baenen's CV "will be supplemented."[7] But Defendant Bennett claims, and Hulec does not contest, that Hulec did not provide Dr. Baenen's CV by the May 19 deadline.[8]

Then, on July 24, 2014, Hulec notified Bennett that "[d]ue to the lack of Dr. Baenen's availability to serve as Meghan Hulec's medical expert, we have elected to hire another expert, Dr. J. Joseph Konieczny."[9] Hulec also provided Dr. Konieczny's CV to Defendants on July 24, 2014.[10]

The Court finds cases reviewing the exclusion of late expert reports under Rule 37 instructive. In those cases, courts have considered several factors in deciding whether to exclude untimely expert reports including "whether the party's failure to cooperate in discovery is due to wilfulness, bad faith, or fault," and whether the adversary was prejudiced by any failure to cooperate

---

[5] Doc. 17.
[6] *Id.*
[7] Doc. 76-1.
[8] Doc. 78.
[9] Doc. 73-2.
[10] *Id.*

Case No. 1:14-CV-00492
Gwin, J.

in discovery.[11]

In this case, Dr. Baenen became unavailable. Nothing suggests Dr. Baenen's unavailability was foreseeable. And nothing suggests Plaintiff Hulec is at fault for Dr. Baenen's unavailability or for intentional dely in identifying Dr. Konieczny. Although Hulec failed to provide Dr. Baenen's *curriculum vitae* prior to the May 19 deadline, nothing shows that Hulec acted in bad faith.

Moreover, Bennett does not show that Hulec's late identification of Dr. Konieczny will unfairly prejudice it.[12] Even without a *curriculum vitae* attached, Plaintiff's May 16 letter put Bennett on notice that a medical expert might be called. And because expert reports are not due until August 19, Bennett will have adequate time to review Dr. Konieczny's report. The absence of both prejudice and evidence of bad faith outweighs any fault on Plaintiff's part that may be present in this case.

The Court therefore **DENIES** Defendant Bennett's motion to exclude any expert report or testimony by Dr. Konieczny. This resolution of Bennett's motion moots Hulec's motion to strike Bennett's reply brief or in the alternative for leave to file a sur-reply brief. Accordingly, that motion is also **DENIED**.

IT IS SO ORDERED

Dated: August 19, 2014         s/        *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[11] *See, e.g., Stamtec, Inc. v. Anson*, 195 F. App'x 473, 479 (6th Cir. 2006).
[12] *See* Doc. 73-1.